United States District Court
Southern District of Texas

**ENTERED**
April 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS ANGEL LOPEZ RODRIGUEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00161** |
| | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT (ICE),** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Luis Angel Lopez Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on January 23, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for more than three years. (*See id.* at 2.) Petitioner entered the United States on November 15, 2022, and was apprehended by immigration authorities then subsequently released on an Order of Release on Recognizance. (*Id.*; Dkt. 11 at 2.) On or about August 8, 2023, ICE served a Notice to Appear and formally initiated removal proceedings against Petitioner. (Dkt. 11 at 2.) On June 10, 2025, Petitioner was reapprehended by ICE at a scheduled supervision appointment and taken into custody at the La Salle County Regional Detention Center where he remains detained. (*Id.*; Dkt. 1 at 2.) Petitioner argues he is being unlawfully detained in violation of his rights under the Fifth Amendment Due Process Clause. (Dkt. 1 at 2–3.) He asks the Court to order his immediate release. (*Id.* at 3.)

1 / 5

The Court ordered Respondents to respond to Petitioner's petition on or before February 11, 2026. (Dkt. 6.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

In light of the decision in *Buenrostro-Mendez*, Respondents filed a timely response arguing that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2). (Dkt. 11.) Respondents also indicated that Petitioner was ordered removed to Cuba on January 21, 2026 and reserved appeal but that Petitioner had not filed an appeal as of the time of Respondents' filing. (*Id.* at 2.) For this reason, on February 24, 2026, the Court ordered Respondents to inform the Court whether Petitioner had filed an appeal by the February 20, 2026 appeal deadline. (Dkt. 12.) Respondents filed a timely advisory on February 26, 2026, notifying the Court that no appeal was received but that the system was "susceptible to delays." (Dkt. 14 at 1.) On March 24, 2026, the Court ordered Respondents to provide a responsive brief addressing whether Petitioner has a final order of removal and is subject to detention under 8 U.S.C. § 1231. (Dkt. 23.) Respondents filed another timely advisory notifying the Court that Petitioner's order of removal is not final. (Dkt. 25.) Respondents clarify that on January 21, 2026, an Immigration Judge ("IJ") granted DHS's Motion to Pretermit based on the Asylum Cooperative Agreement with Ecuador but erroneously listed the

country of removal as the Dominican Republic, with Cuba in the alternative. (*Id.* at 1.) On March 20, 2026, DHS filed a Motion to Amend the IJ's order to correct the country of removal to Ecuador and the IJ issued an amended order the same day. (*Id.*) Respondents take the position that the substantive change in country of removal effectively resets the appeal period. (*Id.* at 1–2.)

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 11), is **DENIED**.

1.     Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.     Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.     Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention and provide Petitioner with a printed copy of this Order.

4.     If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5.     Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this April 1, 2026.

_____
Diana Saldaña
United States District Judge